**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID L. HODGE, JR., | : | |
| | | Civil Action No. 08-3048 (NLH) |
| Petitioner, | : | |
| | | |
| v. | : | **O P I N I O N** |
| | | |
| JEFF GRONDOLSKY, Warden, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

David L. Hodge, Jr., Pro Se
#15124-056
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

    Petitioner David L. Hodge, Jr., a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Because it appears from a review of the petition that this Court lacks jurisdiction to consider

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice. See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

On December 5, 1994, Petitioner pled guilty to second-degree murder in the Eastern District of North Carolina. On March 14, 1995, he was sentenced to 210 months imprisonment. (Petition, ¶ 3). After an appeal and sentencing remand by the Court of Appeals for the Fourth Circuit, on October 6, 1997, Petitioner was again resentenced to 210 months, "based upon findings of fact that were not admitted to by Hodge nor found by a jury beyond a reasonable doubt." (Pet., ¶ 5).

According to Petitioner's criminal docket, see United States v. Hodge, 94-cr-0036-H-2 (E.D.N.C.), on December 13, 1999, Petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion was denied on May 17, 2000. An appeal of the denial was dismissed for failure to prosecute on October 20, 2000.

On January 18, 2001, Petitioner filed a motion to modify his term of imprisonment, pursuant to 18 U.S.C. § 3582. The motion was denied on February 13, 2001. The Court of Appeals for the Fourth Circuit affirmed the denial of the motion on October 31, 2001.

On July 13, 2004, January 28, 2005, January 28, 2005, and May 12, 2005 Petitioner filed his second, third, fourth, and fifth motions, respectively, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  All were dismissed without prejudice, as Petitioner had not sought authorization from the Court of Appeals for the Fourth Circuit to file "second or successive" § 2255 motions.

On May 5, 2006, Petitioner filed a motion to modify his sentence, which was denied on October 3, 2007.  On June 9, 2008, Petitioner filed another motion to modify his sentence, which was denied on June 19, 2008.  An appeal of that decision is pending.

On June 11, 2008, Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Petitioner asserts that he is entitled to seek relief, pursuant to 28 U.S.C. § 2241, despite the fact that he has filed previous § 2255 motions, because of the United States Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).[2]  Petitioner asserts that he is being held beyond

---

[2]  In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional

the statutory maximum sentence, as the District Court, upon resentencing him, based his sentence upon factors not found by a jury, and thus, his sentence was 89 months longer than constitutionally allowed.

## DISCUSSION

**A.   Jurisdiction**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

---

facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04 (internal quotations omitted.) Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

4

Here, Petitioner contends that he is entitled to habeas relief, pursuant to 28 U.S.C. § 2241.  However, as noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

In this case, the sentencing court was the United States District Court for the Eastern District of North Carolina.  Thus, any § 2255 motion must be brought before that Court.  In fact, Petitioner has brought a number of § 2255 motions before that

Court.  However, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See id.  According to the docket of his criminal case in the Eastern District of North Carolina, Petitioner's second, third, fourth and fifth motions under § 2255 were dismissed, without prejudice, to Petitioner seeking this authorization from the Court of Appeals for the Fourth Circuit.  However, there is nothing on the docket reflecting that Petitioner actually sought this authorization.

Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  28 U.S.C. § 2255, ¶ 5. In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in

6

substantive law may negate." 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  See id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See id. at 251-52; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(resort to § 2241 proper "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim").

    Thus:

> Section 2255 is not "inadequate or ineffective" merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle, 290 F.3d at 539.

    More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it

7

rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  The Court distinguished the intervening change in the law in Dorsainvil, which was one "that potentially made the crime for which that petitioner was convicted non-criminal."  Id. at 120-21.  Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  See Smith v. Nash, 2005 WL 1965500 (3d Cir.) (unpubl.), cert. denied, 546 U.S. 995 (2005).

     Here, Petitioner seems to be asserting that his claims derive from a new and retroactive rule of constitutional law, that being the Apprendi line of cases.  However, the Court of Appeals for the Fourth Circuit has held that Apprendi does not apply retroactively in § 2241 petitions or subsequent § 2255 motions.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that Booker and Blakely are not retroactively

8

applicable on collateral review); see also United States v. Sanders, 247 F.3d 139 (4th Cir.) (holding that Apprendi, the predecessor to Booker and Blakely, is not retroactively applicable to cases which are before the Court on collateral review), cert. denied, 534 U.S. 1032 (2001).  Because Petitioner's conviction became final before Blakely and Booker were decided, it is likely that the courts in the Fourth Circuit would reject his claims.

Further, Petitioner has not justified using the "inadequate or ineffective" safety valve to utilize a § 2241 petition under these circumstances, as he has not demonstrated that the crime for which he was convicted has been made non-criminal.  Instead, this petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Fourth Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[3]  See 28 U.S.C. § 2255.

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed § 2255 motions which were addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

**B.      Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Several Circuit Courts of Appeals have addressed the issue whether district courts faced with "second or successive" habeas petitions filed without authorization from the Court of Appeals should dismiss, for want of jurisdiction, or transfer to the appropriate Court of Appeals under 28 U.S.C. § 1631, "in the interest of justice."  Neither the Court of Appeals for the Third Circuit nor for the Fourth Circuit mandates transfer.  Cf., e.g., 3d Cir. L.A.R. 22.5(h) (contemplating transfer by district court) and 22.5(j) (contemplating district court denial of second or successive petition for failure to obtain authorization); Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (declining to adopt a blanket policy of mandatory transfer of unauthorized second or successive § 2254 habeas petitions); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) (noting that a district court confronted with a second or successive habeas petition has the option to dismiss for lack of jurisdiction or to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631).

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because he has not previously attempted to maintain certification to file a second or successive § 2255 motion in the Fourth Circuit despite being informed to do so by the District Court, it does not appear that transfer would be in the interest of justice. Accordingly, the petition will be dismissed, without prejudice, for lack of jurisdiction. Petitioner may file for certification in the Fourth Circuit to file another § 2255 motion in the Eastern District of North Carolina, if he so chooses.

## CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice. An appropriate order follows.

                                      s/Noel L. Hillman
                                      NOEL L. HILLMAN
                                      United States District Judge

At Camden, New Jersey

Dated: August 4, 2008